**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

D'ANGELO S. MCCLURE,　　　　)
　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　)　　CAUSE NO.: 2:17-CV-343-JEM
　　　　　　　　　　　　　　　)
NANCY A. BERRYHILL,　　　　　)
Deputy Commissioner for Operations,　)
Social Security Administration,　　　　)
　　　Defendant.　　　　　　　)

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff D'Angelo S.

McClure on August 23, 2017, and Plaintiff's Opening Brief [DE 15], filed by Plaintiff on

December 29, 2017. Plaintiff requests that the decision of the Administrative Law Judge be

reversed and remanded for benefits or further proceedings. On February 8, 2018, the

Commissioner filed a response, and on February 22, 2018, Plaintiff filed a reply.

## I.　　Procedural Background

On October 8, 2013, Plaintiff filed an application for benefits alleging that he became

disabled on August 29, 2013. Plaintiff's application was denied initially and upon

reconsideration.  On June 29, 2016, Administrative Law Judge ("ALJ") Howard Kauffman held

a video hearing at which Plaintiff, with an attorney representative, and a vocational expert

testified. On July 22, 2016, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.　　The claimant meets the insured status requirements of the Social Security
　　　Act through September 30, 2016.

2.　　The claimant has not engaged in substantial gainful activity since August
　　　29, 2013, the alleged onset date.

3.	The claimant has the following severe impairments: deep vein thrombosis, history of pulmonary embolism, Olliers Disease, and obesity.

4.	The claimant does not have an impairment or combination of impairments that meets or medically equals any of the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5.	After careful consideration of the entire record, the undersigned finds that the claimant has the residential functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) where the claimant can lift and/or carry 20 pounds occasionally, and 10 pounds frequently, can sit up to six hours of an eight-hour workday, and can stand and/or walk up to six hours of an eight-hour workday. The claimant can occasionally climb ramps and stairs, and must avoid climbing ladders, ropes, and scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant must avoid more than moderate exposure to fumes, odors, dusts, and gases, and poor ventilation.

6.	The claimant has no past relevant work.

7.	The claimant was 24 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.

8.	The claimant has at least a high school education and is able to communicate in English.

9.	Transferability of job skills is not an issue because the claimant does not have past relevant work.

10.	Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11.	The claimant has not been under a disability, as defined in the Social Security Act, from August 29, 2013, through the date of this decision.

The Appeals Council denied Plaintiff's request for review and denied his request to reopen the decision, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case.

Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.    Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ  "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of

evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## III.   Analysis

Plaintiff argues that the ALJ improperly evaluated whether Plaintiff medically equaled Listing 7.08 ("Disorders of Thrombosis and Hematosis"). The Commissioner argues that substantial evidence supports the ALJ's findings that Plaintiff did not meet or medically equal Listing 7.08.

Appendix 1 of the disability regulations contains a "Listing of Impairments" that the SSA has predetermined are disabling regardless of a claimant's age, education, or work experience. 20 C.F.R. § 404.1525(a). The Listings first enumerate criteria necessary to establish that a

claimant's diagnosis is based on acceptable medical evidence. 20 C.F.R. § 404.1525(c)(2). The remaining criteria establish the severity the impairment much reach to be considered disabling. 20 C.F.R. § 404.1525(c)(2). At Step Three of the disability inquiry, an ALJ must determine whether the claimant's impairments meet or equal the Listing criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). "To meet or equal a listed impairment, the claimant must satisfy all of the criteria of the listed impairment," and he "bears the burden of proving his condition meets or equals a listed impairment." *Maggard v. Apfel*, 167 F.3d 376, 380 (7th Cir. 1999). A claimant can satisfy a listing "by showing that his impairment is accompanied by symptoms that are equal in severity to those described in the Listing." *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015). A claimant meets Listing 7.08 if he has "at least three hospitalizations within a 12-month period and occurring at least 30 days apart prior to adjudication. Each hospitalization must last at least 48 hours, which can include hours in the hospital emergency department or comprehensive hemophilia treatment center immediately before the hospitalization." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 7.08.

In this case, the record indicates that Plaintiff was hospitalized at least six times between September 8, 2013 and June 6, 2014. The ALJ correctly stated that only two of the hospitalizations lasted for at least 48 hours, and concluded that "they do not meet the Listing 7.08 requirements." However, the ALJ did not assess whether Plaintiff's impairment may have "equaled" the impairment contemplated in the listing, nor did he solicit a medical opinion on that topic. Plaintiff reported to the emergency room six times complaining of symptoms apparently related to deep vein thrombosis. The ALJ assumed that six hospitalizations over a 10-month period, including a two-day and a ten-day hospitalization during that period, could not be

5

equivalent to three 48-hour hospitalizations in 12 months. Given the frequency with which Plaintiff sought urgent medical treatment over that period, Plaintiff's impairment may well have been "equal in severity" to that contemplated in Listing 7.08. *Minnick*, 775 F.3d at 935. But the ALJ did not analyze this, and "simply assumed the absence of equivalency without any relevant discussion. That assumption cannot substitute for evidence and does not support the decision to deny benefits." *Barnett v. Barnhart*, 381 F.3d 664, 670 (7th Cir. 2004). The ALJ should have sought a medical opinion. "Whether a claimant's impairment equals a listing is a medical judgment, and an ALJ must consider an expert's opinion on the issue." *Id.* at 681.

Plaintiff also argues that the ALJ made several other errors in his analysis. On remand, if the ALJ again concludes that Plaintiff does not meet the requirements of the Listing, the ALJ is reminded that he must evaluate the treating physician's opinion by the factors enumerated in 20 C.F.R. § 404.1527(c)(2), including the length and nature of the treatment history with the claimant, and discuss those factors in his decision. *See Larson v. Astrue*, 615 F.3d 744, 751 (remanding where ALJ "said nothing regarding this required checklist of factors"). If a treating physician's opinion is ultimately rejected, "a sound explanation must be given for that decision." *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011).

The ALJ is reminded that performing activities of daily living at home is not equivalent to performing them in an employment context, and not preclusive of disability. *See Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012) (identifying the "critical differences between activities of daily living and activities in a full-time job . . . that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . and is not held to a minimum standard of performance, as she would be by an employer."). Further, when apparent failure to

comply with a prescribed treatment regimen is used as a factor in determining whether a claimant's statements should be believed, the ALJ must assess whether the lack of treatment is justified and develop the record accordingly. *See* SSR 16-3p, 2016 WL 1119029 (March 16, 2016) at *7; *Shauger v. Astrue*, 675 F.3d 690, 696 (7th Cir. 2012) ("an ALJ must first explore the claimant's reasons for the lack of medical care before drawing a negative inference").

Finally, the ALJ is reminded of the need to fully review all of the medical evidence in the record and to obtain additional information as needed, including medical opinion evidence needed to assess whether Plaintiff meets Listing 7.08. *See, e.g., Barnett*, 381 F.3d at 669 ("An ALJ has a duty to solicit additional information to flesh out an opinion for which the medical support is not readily discernable.") (citing 20 C.F.R. § 404.1527(c)(3); SSR 96-2p, 1996 WL 374188 at *4 (July 2, 1996)); 20 C.F.R. §§ 404.1512(d)(1), 416.919(b)).

## V.    Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief [DE 15], and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 4th day of September, 2018.

s/ John E. Martin_____
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record